IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) Plaintiff, ) ) v. ) TERRY MOORE, *et al.*, ) ) Defendants. ) | CIVIL CASE NO. 3:23-cv-203-ECM [WO] |

**MEMORANDUM OPINION and ORDER**

On April 10, 2023, Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a complaint in this Court seeking a declaratory judgment that State Farm "has no obligation to provide coverage to Brady Finch" under a Personal Liability Umbrella Policy. (Doc. 1 at 10). Subsequently, Defendant Brady Finch ("Finch") filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 28). That motion is now pending before the Court. Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion to dismiss is due to be GRANTED.

**LEGAL STANDARD**

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of

the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, as here, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.*

## PROCEDURAL BACKGROUND

This action stems from an underlying action in Alabama state court. The action, which has not yet gone to trial, remains pending on the state court's administrative docket awaiting this case's resolution. (Doc. 35 at 8). In 2020, Morgan Gleason brought claims against Brady Finch, Andrew Moore, Terry Moore (Andrew's father), State Farm Mutual Automobile Insurance Company, and Geico General Insurance Company after she suffered serious injuries in a vehicular collision. (Doc. 1 at 4–6). Terry Moore, the owner of the vehicle that allegedly hit Gleason's car, is insured under a Personal Liability Umbrella Policy. In an effort to determine whether Finch is covered under that umbrella policy, State Farm filed this declaratory judgment action seeking "a declaration that Finch is not entitled to coverage," thus eliminating State Farm's duty to indemnify. (Doc. 24 at 5). Finch then filed the pending motion to dismiss.

## DISCUSSION

Finch argues that this Court lacks jurisdiction over the case because State Farm's claim is not ripe. He points to the posture of the underlying state action as evidence of such. Specifically, Finch contends that the Personal Liability Umbrella Policy "is not implicated until liability is established." (Doc. 28 at 1). Without a finding of liability in

state court, he continues, this Court would be issuing an "advisory opinion which is not fit for judicial decision." *Id.* at 2. The Court agrees.

Federal courts are not all powerful. Their jurisdiction is "limited" and "constrained by the requirement that they consider only 'cases' and 'controversies.'" *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1338 (11th Cir. 2005) (quoting U.S. Const. art. III, § 2). The doctrine of ripeness "originate[s] from the Constitution's Article III requirement that the jurisdiction of the federal courts be limited to actual cases and controversies." *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006). A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). "Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." *Nat'l Advert. Co.*, 402 F.3d at 1339. The Declaratory Judgment Act does not obviate this requirement. Rather, it "is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240 (1937).

When faced with declaratory judgment actions involving insurance contracts, "courts treat the duty to defend and the duty to indemnify as distinct and analyze them separately." *Harleysville Mut. Ins. Co. v. Dapper, LLC*, 2010 WL 2925779, at *3 (M.D. Ala. July 21, 2010).[1] Here, State Farm is challenging only the duty to indemnify, not the duty to defend. The duty to indemnify "is not ripe for adjudication" until the insured "is

---

[1] Although the Court recognizes that *Dapper, LLC* is nonbinding, the Court finds its analysis persuasive.

in fact held liable in the underlying state court action." *State Farm Fire & Cas. Co. v. Middleton*, 65 F. Supp. 2d 1240, 1248 (M.D. Ala. 1999); *see also Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997); *State Farm Fire & Cas. Co. v. Burkhardt*, 96 F. Supp. 2d 1343, 1352 (M.D. Ala. 2000) ("DISMISSED without prejudice as to the issue of the duty to indemnify under the invasion of privacy claim, since liability has not been established at this time").[2]  Unlike the duty to defend, State Farm's "liability to the insured is ultimately established by what is developed at trial." *See Lewis*, 985 F. Supp. at 1349.  Accordingly, "a determination of the duty to indemnify cannot be made at a preliminary stage in the [state court] proceedings." *Id.*

The underlying state court action has not yet established liability.  Therefore, State Farm's duty to indemnify is not yet ripe for adjudication.  Consequently, the Court lacks jurisdiction to entertain this claim against Finch.  State Farm asks the Court to rule on their indemnification obligation and "provide guidance and structure for the potential resolution of the underlying action." (Doc. 35 at 8) (citations and quotations omitted).  Revealing in their request is the term *guidance*.  Without a finding of liability in the underlying action, State Farm requests an impermissible advisory opinion.  For example, Brady could prevail in the underlying suit, mooting the issue of whether State Farm must indemnify Brady.  Until the question of liability is answered, "the duty to indemnify is an abstract, academic issue which presents 'nice and intriguing questions which today may readily be imagined, but may never in fact come to pass.'" *Dapper, LLC*, 2010 WL 2925779, at *4 (quoting *Am.*

---

[2] While the Court recognizes that each of these cases are nonbinding, the Court finds their analysis persuasive.

*Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)).[3]

## CONCLUSION

For the reasons as stated and for good cause, it is

ORDERED that Defendant Brady Finch's motion to dismiss (doc. 28) is GRANTED.

DONE this 16th day of October, 2023.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.